**Kristin R. HANSON, Plaintiff–Appellant,**

v.

**Francisco F. FIRMAT, Hon.; et al., Defendants–Appellees.**

No. 06–56118.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Kristin R. Hanson, Costa Mesa, CA, pro se.

Michael Glenn Witmer, Esq., AGCA–Office of the California Attorney General, Timothy J. Harris, Esq., Charlston Revich & Chamberlin, LLP, Los Angeles, CA, O. Brandt Caudill, Jr., Esq., Christopher J. Zopatti, Esq., Virginia S. Alspaugh, Esq., Callahan McCune & Willis, Tustin, CA, for Defendants–Appellees.

Jeremiah Morgan, Fullerton, CA, pro se.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Kristin R. Hanson appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction her 42

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument and de-

nies Hanson's request. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1983 action alleging due process violations in connection with child custody proceedings and the constitutionality of California's child custody and vexatious litigant statutes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on the *Rooker–Feldman* doctrine. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003). We affirm.

The district court properly concluded that the *Rooker–Feldman* doctrine bars Hanson's action because it is a "forbidden de facto appeal" from judicial decisions of a state court, and raises constitutional claims that are "inextricably intertwined" with those prior state court judgments. *Id.* at 1158; *see also Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (the *Rooker–Feldman* doctrine bars review of interlocutory state court decisions).

The district court did not abuse its discretion by granting defendants' requests for judicial notice because courts may take judicial notice of documents in the public record. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001) (stating that a district court's decision to take judicial notice is reviewed for an abuse of discretion).

Hanson's remaining contentions are unpersuasive.

Hanson's motion to file a corrected reply brief is granted. The Clerk is directed to file the corrected reply brief received on January 10, 2007.

**AFFIRMED.**